IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

---------------------------------------------------------------x
UNITED STATES OF AMERICA,

    - v. -                                          No. 2:13-cr-748 (FSH)

JOSEPH WOLFSON, et al.,

              Defendants.
---------------------------------------------------------------x

## DEFENDANT GEHRING'S OBJECTION TO GOVERNMENT'S MOTION FOR SPEEDY TRIAL ORDER

On January 10, 2014, the government filed a motion and proposed order to exclude time under the Speedy Trial Act, 18 U.S.C. § 3161, *et seq*., and to set a discovery schedule. The parties conferred via email with respect to this motion on January 7, 8, and 9, 2014.

Mr. Gehring objects to the discovery schedule outlined in the government's proposed order because the government insists that the vast bulk of the discovery materials be inspected and/or copied at the government's office in New York City.[1] Although the government fails to make mention of this posture in its motion, it has represented that it will not undertake to scan (or copy) any paper documents that are not already in electronic form. It maintains that any such paper documents will be available for viewing, scanning, or copying only at the government's offices,

---

[1] Defendant Gehring also joins defendant James Jeffers' cross-motion to compel discovery in electronic form. ECF No. 22.

and only upon 48-hours' notice.  The precise amount of discovery at issue is unknown to the defendants.  The government, however, states that this case may involve the discovery of hundreds of thousands of pages of documents, and there is every reason to believe that the vast majority of these documents are in paper form.

      In order for counsel to make effective use of the discovery materials, and for counsel to be able to meaningfully review and discuss discovery materials in confidence with Mr. Gehring, counsel needs to have copies of those materials in our possession.  Requiring defendants to review massive amounts of documents at the government's office during government business hours on 48-hours' notice, or requiring scanning and/or copying the documents at the government's office, would be overly burdensome to counsel and Mr. Gehring, would not permit counsel to make effective use of the documents or discuss them with Mr. Gehring in confidence, would render it impossible to adequately complete review of discovery on the government's timeline in order to make motions, and would not permit Mr. Gehring and counsel to adequately prepare for trial.  The need to have ready access to discovery is even more paramount in preparation for trial, when we undoubtedly will be working with the materials and with Mr. Gehring, who resides in Newton, New Jersey, beyond ordinary business hours, including on weekends.

      Under the government's proposed order, discovery would conclude by March 7, 2014.  It is unfair to provide the defendants with less than two months to

inspect and/or copy the paper documents that the government has spent many years gathering.  This case has been under investigation for more than seven years, and the Indictment covers alleged criminal activity reaching back to early 1998.  The government began serving subpoenas at least as early as 2009, and the case was indicted nearly two months ago.  The government has had literally years to scan or copy the discovery in a format it could deliver to defense counsel.

For these reasons, defendant Gehring requests that the government be required to produce all documents in electronic form.  Rule 16(d)(1) of the Federal Rules of Criminal Procedure provides for such "appropriate relief," and it is within this Court's discretion to issue such an order.  *See United States v. Briggs*, 2011 WL 4017886, *5 (W.D.N.Y. 2011) (ordering government to produce discovery in "some readily accessible format").  In the event that the Court orders such production, Defendant Gehring would withdraw his objection to the government's proposed discovery schedule.

Defendant Gehring does not object to the exclusion of time under the Speedy Trial Act.

Respectfully submitted on January 15, 2014,

                                              s/ Robin L. Dull
                                              NELSON A. BOXER
                                              ROBIN L. DULL
                                              PETRILLO KLEIN & BOXER LLP
                                              655 Third Avenue, 22nd Floor
                                              New York, NY 10017
                                              Tel: 212-370-0330
                                              nboxer@pkbllp.com
                                              rdull@pkbllp.com

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

---------------------------------------------------------------x
UNITED STATES OF AMERICA,

   - v. -                                                      No. 2:13-cr-748 (FSH)

JOSEPH WOLFSON, et al.,

                    Defendants.
---------------------------------------------------------------x

## CERTIFICATE OF SERVICE

     I hereby certify that on January 15, 2014, I filed the foregoing document entitled "Defendant Gehring's Objection To Government's Motion For Speedy Trial Order" on the Court's ECF system, which constitutes service of the filed document on ECF Filing Users under Rule 49(e) of the Federal Rules of Criminal Procedures and Local Civil Rule 5.2 - 14(b)(1).

                                                   /s Robin L. Dull
                                                   ROBIN L. DULL
                                                   PETRILLO KLEIN & BOXER LLP
                                                   655 Third Avenue, 22nd Floor
                                                   New York, NY 10017
                                                   Tel: 212-370-0330
                                                   nboxer@pkbllp.com
                                                   rdull@pkbllp.com