UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -
:
UNITED STATES OF AMERICA            :   Hon. Faith S. Hochberg
                                    :
    v.                              :   Criminal No. 2:13-cr-748-FSH
                                    :
JOSEPH WOLFSON;                     :
GREGG GEHRING;                      :
JAMES JEFFERS JR.;                  :
ROBERT JEFFREY;                     :
BETTY SIMON, TRUSTEE LLC; and       :
RICHARD SIMON, TRUSTEE,             :
                                    :
              Defendants.           :
                                    :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

**GOVERNMENT'S REPLY TO DEFENDANTS' CROSS-MOTION TO COMPEL DISCOVERY IN ELECTRONIC FORM & OBJECTION TO GOVERNMENT'S MOTION FOR SPEEDY TRIAL ORDER**

The Government respectfully submits this Reply to defendant James Jeffers Jr.'s Cross-Motion to Compel Discovery in Electronic Form (ECF No. 22)[1], and to defendant Gregg Gehring's Objection to Government's Motion for Speedy Trial Order (ECF No. 23). The defendants argue that the Government should be compelled to (1) produce all electronic discovery immediately, and (2) produce all remaining paper discovery in electronic format. For the reasons discussed below, the Defendants' motion and objection should both be denied. The Government's Motion for Speedy Trial Act Order (ECF No. 13) should be granted.

---

[1] Defendant Gehring joined this motion. See also Letter of Memorandum of Law on behalf of Defendant James Jeffers, Jr. dated January 15, 2014 (ECF No. 22-1). The Government treats each motion as if joined by all defendants.

1

## **BACKGROUND**

The Government has already provided substantial discovery in this case. On December 17, 2013, the Government voluntarily provided a detailed spreadsheet listing all potentially discoverable materials in the Government's possession as of November 1, 2013. The spreadsheet included bates ranges, a summary, producing source, receipt date, total document count, and document type (i.e., paper or electronic) for each production listed. In addition to the spreadsheet, and without conceding that the information was exculpatory or otherwise relevant, the Government also voluntarily provided certain materials in compliance with Brady v. Maryland.

On January 10, 2014, the Government filed a Motion for Speedy Trial Act Order (ECF No. 13). The Government's proposed Order would require it to complete its discovery obligations by March 7, 2014, schedule a date for a conference with the Court to consider any remaining discovery matters (including how much time should be allotted to the defendants to review the Government's discovery), set a motion schedule, and set a tentative trial date. The proposed Order imposed no obligation on the defendants.

On January 14, 2014, the Government produced in electronic format all materials pursuant to Fed. R. Crim. P. 16(a)(1)(A), (B), (C), (D), (F) & (G), currently known to the Government and in its possession, to the defendants. In addition to the Rule 16 materials, the Government voluntarily produced fourteen FBI video and audio recordings, and twenty-three accompanying FBI 302 reports. The Government also informed the defendants in writing that all Fed. R. Crim. P. 16(a)(1)(E)(i) & (iii) materials in paper form would be made available for review, copying, and scanning upon 48-hour notice at the Government's office located in New York, NY.

On January 14, 2014, pursuant to the Court's Order for Discovery and Inspection (ECF No. 16), the Government and the defendants had a conference call to discuss discovery issues and the Government's proposed discovery schedule. During this call, each defendant agreed to come to the Government's office to initially inspect and review all Fed. R. Crim. P. 16(a)(1)(E)(i) & (iii) paper documents, and attempt to make determinations as to which records would be material to trial preparation. The Government has agreed that once this preliminary review is complete, it will deliver any discoverable paper materials requested by the defendants to an outside vendor of their choice for copying and/or scanning at the defendants' expense. The Government has also agreed to cover the cost of shipping the documents to and from the vendor's place of business.

In addition, the Government is currently preparing all electronic discovery in its possession for production to the defendants. This includes all Fed. R. Crim. P. 16(a)(1)(E)(iii) materials produced to the Government in electronic format. All such electronic documents will be turned over to the defendants as soon as possible, but no later than March 7, 2014.

Lastly, the Government will permit defense counsel to inspect and copy its trial exhibits thirty days prior to trial, and intends to provide defendants with an electronic set at that time.

## ARGUMENT

The Government is not obligated to produce paper discovery in electronic format, nor is it required to provide copies of all paper discovery. Such a task seems particularly unnecessary and burdensome considering many of the documents are arguably irrelevant[2]. As the defendants acknowledged, pursuant to Fed. R. Crim. P. 16(a)(1)(E), the Government is only required to "permit the defendant to inspect and copy . . . documents . . . within the government's

---

[2] As the Government disclosed in its letter to the defendants dated December 17, 2013, the materials in the Government's possession include approximately 257 interview reports, 105 municipal productions, and 513 third party productions.

possession, custody, or control. . . . " Thus, Rule 16(a)(1)(E) does *not* place an "affirmative duty on the Government to pay for copying." United States v. Tyree, 136 F.R.D. 242, 244 (E.D. Pa. 2006). Access to discoverable paper documents in this case has been readily granted to the defendants, as well as an option to have any and all documents copied and/or scanned at the defendants' cost.

Moreover, even when the defendant is indigent, the Government is not required to bear the costs of copying and/or scanning paper documents for the defendant. In Tyree, an indigent defendant moved, pursuant to Fed. R. Crim. P. 16 and Brady v. Maryland, to compel the Government to pay discovery costs associated with copying documents in its possession for the defendant. 136 F.R.D. at 243. The court denied defendant's motion to compel and required him to bear the production costs. 136 F.R.D. at 245. The court reasoned that Rule 16 was not drafted to impose any payment duty on the Government, nor did Brady expressly or impliedly require any such duty. 136 F.R.D. at 244-45. Further, the court noted that Federal Defenders, attorneys appointed under the Criminal Justice Act, and the Government were all "wholly funded by the United States taxpayer." 136 F.R.D. at 243.

Accordingly, the Government has fulfilled its obligations under Fed. R. Crim. P. 16(a)(1)(E)(i) &  (iii) by making all such discoverable paper documents available for inspection and copying, and the Government will fulfill its obligations under Fed. R. Crim. P. 16(a)(1)(E)(ii) 30 days prior to trial.

**CONCLUSION**

THEREFORE, the Government respectfully requests that the Court deny defendants' Cross-Motion to Compel Discovery in Electronic Form in its entirety, and grant the Government's Motion for Speedy Trial Act Order.

Respectfully submitted,

Dated:  January 17, 2014             /s/ Kristina Srica
                                     KRISTINA N. SRICA
                                     CHARLES V. REILLY
                                     JOHN W. VAN LONKHUYZEN
                                     BRYAN BUGHMAN
                                     Trial Attorneys
                                     United States Department of Justice
                                     Antitrust Division
                                     26 Federal Plaza, Room 3630
                                     New York, N.Y. 10278
                                     (212) 335-8038