IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

-------------------------------------------------------------x
UNITED STATES OF AMERICA,

   - v. -                                                                        No. 2:13-cr-748 (FSH)

JOSEPH WOLFSON, et al.,

                       Defendants.
-------------------------------------------------------------x

## DEFENDANT GEHRING'S REPLY IN SUPPORT OF HIS OBJECTION TO THE GOVERNMENT'S MOTION FOR SPEEDY TRIAL ORDER

The government's proposal for discovery of paper documents in this case does not permit counsel and Mr. Gehring to effectively prepare for trial, contravenes the Federal Rules of Criminal Procedure, and intrudes on the attorney-client privilege and work-product doctrines. For the reasons set forth in our January 15, 2014 submission (ECF No. 23), and for the reasons discussed below, the Court should order the government to provide defendants with all documents in electronic form.

After defendant Gehring filed his objection to the government's initial discovery proposal, on January 17, 2014, the government proposed that, before allowing any copying or scanning of discoverable documents, the government would require that defendants conduct a preliminary review of "*all* Fed. R. Crim. P. 16(a)(1)(E)(i) & (iii) paper documents" to attempt to determine "which records

would be *material to trial preparation*." Gov't Reply at 3 (emphasis added) (ECF No. 27). "[O]nce this preliminary review is complete," the government stated that it would permit the documents to be copied or scanned at defense expense. *Id.* Counsel for defendant Gehring did not— contrary to the government's representation— agree to such a process during the parties' January 16, 2014 conference call; counsel committed only to traveling to the government's office to assess the volume of the paper documents at issue.

Defense counsel made such a trip today, January 21, 2014, at 10:00 a.m., which was the earliest possible opportunity consistent with the government's requirement of 48 hours' notice for document inspections. Counsel was escorted to a room containing approximately thirty boxes filled with documents, or roughly 6% of the boxes of paper documents that are the subject of this motion. Each box contained what appeared to be hundreds, if not thousands, of pages of documents, and each box apparently corresponded to a single entry on a spreadsheet entitled "List of Productions as of 11/1/2013" that was provided to defense counsel on December 17, 2013. The spreadsheet contains nearly seven hundred entries of paper documents, and many entries reflect between several hundred and several thousand pages of documents. The spreadsheet is attached hereto as Exhibit 1.

During today's inspection, counsel was informed that it should tag individual documents that counsel wished to have copied or scanned, presumably

2

the documents that "would be material to [Mr. Gehring's] trial preparation." Gov't Reply at 3. A government paralegal was required to be present in the inspection room (to understandably ensure the chain of custody of the government's evidence). We concluded our review by noon, to respect the government's advisement that the Antitrust Division's offices were closing at that time because of snow.

In short, the volume of government paper Rule 16 discovery, as well as the parameters imposed by the government for review of those materials, further evidence that the government's proposal is improper.

First, under the government's proposed process, defendant Gehring and counsel would have to review all the paper documents at the government's offices in the presence of a government representative; counsel would not be able to discuss the documents with Mr. Gehring without disclosing privileged communications to the government. Second, in order to receive copies of the documents so that counsel could review them with Mr. Gehring in our offices, counsel must tag specific documents— in the government's words, "records [that] would be material to trial preparation"— thereby revealing our privileged attorney work product and potentially identifying documents to the government that may be material to Mr. Gehring's defense. Third, the volume of paper Rule 16 documents, coupled with the limited times when we can review the materials (no evenings or

3

weekends, for example, and only with 48-hours' notice), and the burden imposed upon Mr. Gehring to travel three hours roundtrip from his home in New Jersey to New York City to review them, make it impossible to meaningfully review the paper Rule 16 material by the end of 2014. It could take weeks to review the documents in the thirty or so boxes displayed for us today at the government's offices; reviewing the remaining 94% of the paper Rule 16 documents at the government's offices, let alone reviewing it with Mr. Gehring, could take far more than a year.[1] See Exhibit 1.

In addition, we note that during our inspection of documents today, counsel saw correspondence between the government and a document scanning company revealing that the government had undertaken the scanning of many of the boxes of Rule 16 documents since at least July 2013. While the Indictment was returned in November 2013, to date we have not received electronic copies of any of the government's Rule 16 documents (with the exception of Mr. Gehring's criminal history and a handful of FBI 302 reports). Defendants cannot speculate as to why the government scanned certain boxes of documents but not others, nor as to why the government has produced none of these scanned documents more than two

---

[1] This estimate does not take into account the other unknown but likely large volume of documents that the government intends to produce in electronic form.

4

months after the Indictment was returned. Indeed, the government's assertion that it has already provided "substantial" discovery in this case is mysterious.

The government charged an alleged bid-rigging conspiracy occurring annually at tax lien auctions of potentially hundreds of municipalities throughout the State of New Jersey "[b]eginning at least as early as 1998 and continuing until as late as February 2009" (Indictment, ¶ 22). Not surprisingly, enormous amounts of documents have been gathered by the government during its five-year investigation and are relevant to the charged conspiracy. (By letter dated January 14, 2014, we requested a Bill of Particulars; we have not received a response from the government.) By its own admission, there are hundreds of thousands of paper documents at issue in this case. Requiring counsel and Mr. Gehring to review all of the documents in the presence of the government, at times convenient for the government, and only permitting them to be scanned or copied if defense counsel identifies and thereby highlights specific pages of documents, violates Rules 16, invades the attorney-client privilege and the work-product doctrine, would be a senseless waste of time, and could not reasonably be accomplished on the government's timeline.

The government relies on *United States v. Tyree*, 236 F.R.D. 242, 244 (E.D. Pa. 2006) for the proposition that Rule 16(a)(1)(E) does not impose a duty on the government to pay for copying. The scope of that case involved approximately

5

500 pages of documents and "a dispute over who bears the cost of (at most) $50.00 in pretrial copying charges . . . ." *Id.* at 243.  The court acknowledged that "[t]raditionally, absent extraordinary circumstances, the Government would, for the asking, supply copies of all documents defense counsel requested.[]  The exception to this traditional courtesy would be complex cases involving thousands of documents where, typically, the Government and the defense would come to some kind of reasonable accommodation as to the expenses of copying." *Id.*  The court noted that "[t]he Government's policy, while most civil, was not entirely selfless.  To the extent busy and often overextended defense lawyers are spared the nitty-gritty of copying, the case moves that much faster, reducing the need for continuances and other court intervention." *Id.* at 243 n.1.

    The scope of the dispute in *Tyree* renders the case inapposite and unpersuasive here, where hundreds of thousands of documents need to be reviewed and discussed in confidence.  After assessing the documents in person, it is simply impossible that this work could take place in less than two months if required to occur at the government's office during government hours.  The government's suggested protocol precludes consultation with Mr. Gehring about the paper Rule 16 materials and would prevent adequate preparation for trial.  For all of the reasons stated above and in our January 15, 2014 submission, defendant Gehring respectfully asks that the Court order the government to produce all documents

6

identified in its spreadsheet entitled "List of Productions as of 11/1/2013" and all subsequent Rule 16 material in electronic form.

Respectfully submitted on January 21, 2014,

                                       s/ Nelson Boxer
                                       NELSON A. BOXER
                                       ROBIN L. DULL
                                       PHILIP PILMAR
                                       PETRILLO KLEIN & BOXER LLP
                                       655 Third Avenue, 22nd Floor
                                       New York, NY 10017
                                       Tel: 212-370-0330
                                       nboxer@pkbllp.com
                                       rdull@pkbllp.com
                                       ppilmar@pkbllp.com

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

------------------------------------------------------------x
UNITED STATES OF AMERICA,

   - v. -                                            No. 2:13-cr-748 (FSH)

JOSEPH WOLFSON, et al.,

                Defendants.
------------------------------------------------------------x

## CERTIFICATE OF SERVICE

     I hereby certify that on January 21, 2014, I filed the foregoing document entitled "Defendant Gehring's Reply In Support Of His Objection To The Government's Motion For Speedy Trial Order" on the Court's ECF system, which constitutes service of the filed document on ECF Filing Users under Rule 49(e) of the Federal Rules of Criminal Procedures and Local Civil Rule 5.2 - 14(b)(1).

                                             /s Robin L. Dull
                                             ROBIN L. DULL
                                             PETRILLO KLEIN & BOXER LLP
                                             655 Third Avenue, 22nd Floor
                                             New York, NY 10017
                                             Tel: 212-370-0330
                                             rdull@pkbllp.com