**OLEJAR & OLEJAR, LLP**
ATTORNEYS AT LAW
11 Morey Lane
Randolph, NJ 07869
Tel. (201)400-8351
rolejar@aol.com

**ROBERT J. OLEJAR***                                                                                                             **LINDA M. K. OLEJAR**
*Also Certified Public Accountant of New Jersey

January 27, 2014

Honorable Faith S. Hochberg, U.S.D.J.
United States Courthouse
50 Walnut Street
Newark, NJ 07101

Re: *U.S. v. James Jeffers, Jr., et al.,*
    Docket No. 2:13-cr-00748 (FSH)

Dear Judge Hochberg:

Please accept this Letter Memorandum of Law, on behalf of Defendant James Jeffers, Jr., in lieu of a more formal submission in Reply to the Government's Response to his Cross-Motion to Compel Discovery in Electronic Form. To recap the filings on the issue of the manner of production and form of the Government's discovery, so far there have been:

1. The Government's Motion for Speedy Trial Act Order, filed 1/10/14, which provides that the Government will produce discovery from January 13, 2014 through March 7, 2014, and that upon the Government's representation that discovery is complete, the Court is to set a briefing schedule for pretrial motions and a trial date. The motion alerts the Court to the amount of documentary discovery, several hundred thousand pages, but not that most of it is currently in paper form or that the Government has refused, in writing, to produce any discovery in electronic form that is not already in electronic form. Nor does it alert anyone that Defendants and their counsel will have to travel to the Government's offices in Lower Manhattan to view discovery. It should be noted that Mr. Jeffers was served with a Grand Jury Subpoena five years ago this month, and in December 2013, the Government provided all Defendants with an 88-page "List of Productions". This

investigation has been going on for at least five years and the Government's discovery has already been cataloged. There is no reason why discovery should not already be in electronic form. (ECF 13).

2. Defendant Jeffers' Cross-Motion to Compel Discovery in Electronic Form, filed 1/15/14, requesting an Order Compelling the Government to immediately produce all discovery currently in electronic form, and to convert and produce all remaining documentary or photographic discovery into electronic form over a time period long enough for the Government to convert all discovery and to allow defense counsel to review the discovery as it is produced. The pretrial motion briefing schedule and trial date would then be set for a reasonable time after all discovery has been produced. In support of his motion, Defendant Jeffers cites *U.S. v. Jordan*, 316 F.3d 1215 (11th Cir. 2003), holding that Fed.R.Crim.P. 16(a)(1)(E) sets forth the minimum amount of discovery to which the parties are entitled, and that the Court has discretion for broader requests, including requiring the Government to provide a defendant with copies of discovery, especially an indigent defendant. (ECF 22).

3. Defendant Gehring's Objection to Government's Motion for Speedy Trial Order, filed 1/15/14, in which he joins in Defendant Jeffers' Cross-Motion and also relies on the Court's authority under Fed.R.Crim.P. 16(d)(1) to provide "appropriate relief", and *U.S. v. Briggs*, 2011 WL 4017886 (W.D.N.Y. 2011), where the court ordered the government to produce discovery in "some readily accessible format". (ECF 23).

4. Government's Reply to Defendant Jeffers' Cross-Motion and Defendant Gehring's Objection to Government's Motion, filed 1/17/14, relying on *U.S. v. Tyree*, 236 F.R.D. 242 (E.D.Pa. 2006), in support of its position that the Government has no affirmative duty to pay for copying under Fed.R.Crim.P. 16(a)(1)(E). (ECF 27).

5. Defendant Gehring's Reply in Support of His Objection to the Government's Motion for Speedy Trial Order, filed 1/21/14, in which counsel describes his visit to the Government's office to assess the scope of discovery, and the difficulties presented. Counsel also points out that the total amount at issue in *Tyree* was $50 (500 copies @ $0.10). (ECF 28).

## **Federal Rules of Evidence**

Up to now, the parties have focused on Fed.R.Crim.P. 16. But this is not the only Federal rule which imposes discovery obligations on the Government. Given the large number of documents in this case, it is expected that the Government will attempt to introduce documentary evidence under one or both of two Federal Rules of Evidence, one which facilitates the admission of documentary evidence, and the other allowing summaries of voluminous documents to be admitted into evidence, each conditioned on the proponent's production of discovery as set forth in each rule.

Even a cursory review of the Government's 88-page List of Productions reveals that the documents are not from a single source or a handful of sources. The documentary discovery in this case was provided by hundreds, of separate sources, some of which in turn provided hundreds, maybe thousands of pages of documents to the Government. There are more than a hundred municipal sources alone, listed as separate line items, not including individuals and entities listed separately or grouped together in the Summary column.

Rule 902, governing self-authenticating evidence, allows documents to be admitted without the need for a live witness. Specific to this case, the rule permits an original or copy of a domestic record, certified by the custodian or another qualified person that it satisfies the requirements of Rule 803(6)(A)-(C), commonly known as the business records exception to the rule against hearsay, to be admitted into evidence without any extrinsic evidence of authenticity, *provided* the proponent gives adverse parties "reasonable written notice of the intent to offer the record – and …[makes]… the record and certification

available for inspection—so that the part has a fair opportunity to challenge them." Fed.R.Evid. 902(11).

This much evidence also needs to be summarized and presented to the jury in some digestible way. If the Government intends to use any "…summary, chart or calculation to prove the content of voluminous writings,…" Fed.R.Evid. 1006 requires the proponent to produce originals *or duplicates* at "…a reasonable time and place."

For all the reasons argued by Defendants Gehring and Jeffers, including the arguments in this Letter Memorandum, compelling all defendants and counsel to view discovery at a location outside the District, on 48 hours' notice, is not making the records available to Defendants, as required by Rule 902(11), nor reasonable as to either time or place under Rule 1006. Defense counsel must be able to freely review the documents, not only alone, but with our clients, to be able to fairly challenge them. Our clients are our guides who can point out important information in these documents which we would otherwise deem insignificant. We can't all be in the same room at the same time. Defendant Jeffers objects to any evidence, offered by the Government under Federal Rules of Evidence 902 and/or 1006, which is not timely produced in electronic format.

A formal motion *in Limine* may be premature, but the Court should be aware of the character of the Government's discovery and evidence, before ruling on the Motion and Cross-Motion currently before the Court. Further, production in electronic form would merely satisfy the Government's obligation to produce the records. Defendant Jeffers specifically reserves the right to make any evidentiary objections on other grounds, including, but not limited to, those arising from Fed.R.Evid. 803(6), such as challenging sufficiency of the Rule 902 certification(s) or the method(s) by which the record(s) were created.

## Inherent Authority of the Court

The Court has inherent powers not enumerated by statute or rule. These *inherent powers* include, among other things, the authority to admit or discipline the lawyers who come before it, punish contempts, bar disruptive defendants from the courtroom and fashion appropriate sanctions for abuse of judicial process. *Chambers v. NASCO*, 501 U.S. 32 (1991).

Another *inherent power* is the discretion to order discovery in a criminal case beyond the requirements of Fed.R.Crim.P. 16. "This inherent judicial power to order discovery broader than that mandated by any explicit authorization has a long and venerable history predating the adoption of the Federal Rules." *U.S. v. Gallo*, 654 F.Supp. 463,471 (E.D.N.Y. 1987). Further, Fed.R.Crim.P. 57(b) provides, "[a] judge may regulate practice in any manner consistent with federal law, these rules and the local rules of the district." In short, a court may order discovery that Fed.R.Crim.P. 16 does not require, but it may not order discovery that is forbidden by any Federal rules, the local rules or Federal law.

The Government's position is that, since the rules do not require it to provide Defendants with copies of the discovery in electronic format, the Defendants and their counsel must travel outside the District to view discovery. The Court has the inherent power to correct that injustice.

## Due Process

In exercising its inherent powers, a court must comply with the mandates of due process. *Chambers v. NASCO*, 501 U.S. 32 (1991). Lower Manhattan is located in a foreign jurisdiction with no relationship to this case or this Court whatsoever, the Southern District of New York. This is not a multi-district case in which the Government gathered evidence from several districts and centrally stored them in the Southern District of New York. Nor is this a case where either the alleged conduct occurred in New York or the docu-

5

ments generated by that conduct were produced in New York.  Finally, none of the Defendants resides in New York.  In short, neither the defendants, their alleged conduct, nor the evidence the Government intends to introduce have any relationship to New York.  Yet, New York is where the Government wants to produce discovery.  The concept of Due Process of Law gives Defendant Jeffers the right to view discovery in the District where both he and this Court are located, New Jersey.

The Government removed the evidence from the District of New Jersey and now asks this Court to compel the Defendants to chase it to the Southern District of New York.  This case is about the sale of tax liens within the State of New Jersey only, which is the entire geographic area of the District of New Jersey.  The overwhelming majority, if not all, of the evidence collected by the Government came from sources within the District of New Jersey.  The evidence was either sent by the New Jersey source to New York at the direction of the Government, or actually obtained by the Government in New Jersey and then transported out-of-state.  The Southern District of New York is a foreign jurisdiction in every possible way to the Defendants, the facts and the evidence.  At a minimum, Due Process requires that the discovery be returned to this District.

To compel the Defendants and their counsel to travel to New York to view discovery would also violate the Due Process Clause of the U.S. Constitution by making it virtually impossible to effectively prepare for trial.  The challenges of traveling to New York are too difficult to sustain over the many months of trial preparation this case will require.  For Defendant Jeffers and his counsel, daily travel time alone is more than two hours each way.  The Government says there are several hundred thousand pages of documents.  Going through that much paper will take some time.  That's a lot of four-plus hour commutes.

For Defendant Jeffers, the cost of the Government's discovery proposal is prohibitive.  To travel from his home in Burlington County, New Jersey to Lower Manhattan, Mr. Jeffers will have to spend about $100 per day in fuel, New Jersey toll roads, tunnel tolls

and parking.  Because of this case, Mr. Jeffers has no full-time job and went broke paying retained counsel before CJA Counsel was appointed by Judge Shipp to represent him. Defendant Jeffers simply cannot afford to comply with the Government's discovery proposal.

Without repeating the prior arguments of Defendants Jeffers and Gehring, it will be impossible for the Defendants' to receive effective assistance of counsel.  Physically being in the same room with the other Defendants and their counsel will greatly hinder communication between clients and counsel.  Stepping out of the room to discuss each document is simply not a practical solution.  Not only will it make an already painful process torturous, but it will significantly extend the discovery period.

Further, telling the Government which documents to have copied will no doubt alert the Government to what the defense deems important, and will certainly prematurely telegraph defenses to the Government.  There can be no doubt that the Government's discovery plan will substantially adversely affect the Defendant Jeffers' Sixth Amendment right to effective assistance of counsel, and constitutes a violation of his right to Due Process of Law.

## Conclusion

In closing, there are three points which need to be addressed.  First, contrary to the Government's assertion, it has not already provided substantial documentary discovery by sending defense counsel its List of Productions.  It is an 88-page catalog, not the documents, which the Government says number in the "hundreds of thousands of pages.".  Second, the Government wants the Court to set the pretrial briefing schedule and trial date upon the Government's representation that it has completed discovery.  Defendant Jeffers objects to leaving the determination, of whether the Government has completed discovery, to the sole discretion of Government.  Agreement of *all* counsel should be required.  Finally, the Government need not convert documents already in electronic form

from their native format to *.pdf format.  Defendant Jeffers will accept electronic discovery in its native format, so long as it is readable by any Microsoft Office Suite software, such as Word or Excel, or any readily available free software.

Accordingly, Defendant James Jeffers, Jr., respectfully requests that the Court deny the Government's Motion for Speedy Trial Order and grant his Cross-Motion to Compel Discovery in Electronic Form.

                              Respectfully submitted,

                              **OLEJAR & OLEJAR, LLP**

                              By: s/ Robert J. Olejar
                                    ROBERT J. OLEJAR, ESQ., C.P.A., C.F.E.

cc. Filed via ECF
    Mr. James Jeffers, via eMail attachment