# PETRILLO KLEIN & BOXER LLP

655 Third Avenue
22nd Floor
New York, NY 10017
Telephone: (212) 370-0330
www.pkbllp.com

Nelson A. Boxer
Direct Dial: (212) 370-0338
Cell:       (917) 273-2693
nboxer@pkbllp.com

February 26, 2014

**By E-Mail – To Be Filed Under Seal**

Hon. Faith S. Hochberg
United States District Court
District of New Jersey
Martin Luther King, Jr. U.S. Courthouse
  and Federal Building
50 Walnut Street
Newark, NJ 07101

Re:   **U.S. v. Wolfson, et al., No. 2:13-cr-00748 (FSH)**

Dear Judge Hochberg:

I respectfully submit this reply in support of Mr. Gehring's Application to retain and use the "Disclosed Document" produced by the government.

A.   The Disclosed Document

Contrary to the government's representation that there is no dispute that the document is privileged, I stated in my February 13 letter that the document is "likely" privileged attorney work product based upon the government's representations. Boxer Letter at 4 (Feb. 13, 2914). I leave it to the Court to determine whether it is in fact a privileged document, and there seems to be no dispute that it is not "core" opinion work product.

B.   Reasonable Precautions

The record before the Court establishes that the government did not take reasonable precautions to prevent disclosure of privileged materials.

The government must demonstrate (1) that the document is privileged, and (2) that the three elements of Federal Rule of Evidence 502(b) have been met: the disclosure is inadvertent; the holder of the privilege or protection took reasonable steps to prevent disclosure; and the holder promptly took reasonable steps to rectify the error. *See* Boxer Letter at 3-4. To inform the analysis, Courts look to the five factors articulated in *Ciba-Geigy Corp. v. Sandoz Ltd.*, 916 F.

Hon. Faith S. Hochberg
February 26, 2014
Page 2

Supp. 404, 411 (D. N.J. 1995), and numerous other cases within this Circuit, but ultimately the government has the burden to demonstrate that it has satisfied each of the elements of Rule 502(b).

The government has made no such showing here. While the government asserts that intermingling privileged documents with evidence violates an unstated "office procedure," the government concedes that it had no precautions in place to prevent such commingling, unlike the situation in *United States v. Rigas*, 281 F. Supp. 2d 733 (S.D.N.Y. 2003). In addition, because the government's witness has "no recollection" of how the document became commingled, the certification is of limited probative value. James Cert. ¶ 9. Even crediting the government's speculation that the privileged document was on the same desk as discoverable material, this fact evidences an insufficient procedure to "ensure that the integrity of the boxes that had been reviewed for privileged materials was maintained." *S.E.C. v. Cassano*, 189 F.R.D. 83, 85 (S.D.N.Y. 1999).

Nor does the government address our argument that the failure to label the document "privileged" or "attorney work product" was itself unreasonable in these circumstances, *see Atronic Int'l, GMBH v. SAI Semispecialists of Am., Inc.*, 232 F.R.D. 160, 164 (E.D.N.Y. 2005), and that such a label could have prevented the Disclosed Document from being accidentally placed within the BERGEN01 documents. *See United States v. Gangi*, 1 F. Supp. 2d 256, 265 n.5 (S.D.N.Y. 1998) ("[i]f [the document] had been so marked, [the responsible FBI agent] might have realized that this was not a document that should be handed up to the Court"); *see also Carlson v. Carmichael*, Civ. No. 10–3579, 2013 WL 3778356, at *2-3 (E.D. Pa. July 19, 2013) (privilege over AUSA's interview notes with defendant waived where notes not labeled confidential; subsequent review of every document prior to production does not constitute a "reasonable step" because there was no reasonable chance of discovering that notes were privileged).

Of critical importance is the fact that this is the government's second instance of inadvertent disclosure in this case. *See* Boxer Letter at 2. Rule 502(b) requires "the producing party to follow up on any obvious indications that a protected communication or information has been produced inadvertently." Note to 502(b); *United States v. Sensient Colors, Inc.*, Civ. No. 07–1275, 2009 WL 2905474, at *4 (D. N.J. Sept. 9, 2009). Each of the disclosed documents were created by the government and, among other things, relate to the handling of evidence in this case. The government has failed to establish that it took sufficient steps to address its production problems after it knew, on January 21, 2014, that a document had been produced to defense counsel in error and that its review procedures were inadequate.

While the government relies on *Sensient Colors*, the Court there actually found waiver of privilege with respect to some documents after the government was "on notice that something was amiss with its document production and privilege review" but failed to take reasonable steps to address the problem. *Id.* at *5. Our January 21 filing (ECF No. 28 at 4) putting the disclosing party—the United States—on notice "should have spurred [the government] to promptly re-assess its procedures and re-check its production." *Id.*; *see also Cassano*, 189 F.R.D. at 85. Given that the government concedes that it knew the materials it made available for in-person inspection

Hon. Faith S. Hochberg
February 26, 2014
Page 3

contained potentially privileged non-discoverable material, *see* Srica Letter at 2 (Feb. 21, 2014), the Court should not now sanction the government's request for a second do-over.

The government's suggestion that its review of BERGEN01 and the other documents reviewed by defense counsel on February 10 was made under extremely limited time constraints and with limited resources is nonsensical. First, the 48-hour notice requirement is a unilateral requirement imposed by the government. *See Peterson v. Bernardi*, 262 F.R.D. 424, 430 (D.N.J. 2009) ("The time constraints about which plaintiff now complains were self-imposed and do not excuse his careless actions [in reviewing documents]."). More importantly, this argument ignores that a) a grand jury returned the Indictment nearly three months before the disclosure; b) the case has been under investigation for more than seven years; and c) the government has been in possession of BERGEN01 since at least August 21, 2013. In fact, the government's contention that it imposed a 48-hour notice requirement in order for the government to perform a privilege review has never before been articulated; instead, the government gave the impression that it needed that time to retrieve the boxes and make them available in a conference room with a paralegal present. The government had ample time to ensure that discovery did not contain privileged material, as it admittedly has four paralegals on this case and multiple attorneys have filed Notices of Appearance.

Finally, the government failed to address the cases cited in my February 13 letter. As noted, numerous courts have held that a government agency may waive privilege over an inadvertently disclosed document. *See Cassano*, 189 F.R.D. at 85 (holding that government waived privilege of an inadvertently produced legal memorandum when it mistakenly included the document in a production of paper documents for defense counsel to review at the SEC's offices); *Gangi*, 1 F. Supp. 2d at 266 (holding that government had waived its privilege of a Prosecution Memorandum containing grand jury material in a RICO case). Notably, in *Sensient Colors* (one of the only cases the government substantively cites), Magistrate Judge Schneider held that the government waived privilege on some of the inadvertently disclosed documents because it was on notice of problems with its privilege review and failed to take corrective action. 2009 WL 2905474, at *6 ("In view of the notice plaintiff received of the deficiencies in its privilege review, and its failure to diligently re-assess its document production and procedures for privilege review, the Court finds that plaintiff did not take reasonable steps to rectify the error...."). The government's suggestion that a mistake should preclude a finding of waiver finds no support in the case law. *Id.* at *5 ("[P]laintiff's subjective intent [that the disclosure was inadvertent] is not controlling. All inadvertent disclosures are by definition unintentional."); *Ciba-Geigy*, 916 F. Supp. at 412.

Because the government has not satisfied its burden under Rule 502(b), the Court should find that the government has waived privilege over the Disclosed Document.

C. <u>Grand Jury Material</u>

The government's assertion that privilege was not waived because the Disclosed Document contains Rule 6(e) grand jury material lacks merit. Rule 6(e) only imposes secrecy obligations on government personnel and grand jurors; it does not restrict what defense counsel or

Hon. Faith S. Hochberg
February 26, 2014
Page 4

other third parties not connected to the grand jury may disclose.  The government does not suggest that disclosure of this material would hinder ongoing criminal investigations or pose a threat to witness safety.[1]  And the government does not cite, and we have not found, any authority stating that an inadvertent disclosure of grand jury material requires the receiving party to return or destroy it.  *Compare Gangi*, 1 F. Supp. 2d at 266 (holding that the government waived privilege of an inadvertently disclosed document that contained grand jury material and stating that the fact that the document contained sensitive material weighed *in favor* of finding of waiver because the government "has a higher duty and must take even greater care to protect its privileges than a private litigant in a civil dispute").

D.  Interests of Justice

Under the government's formulation of "contrary to the public interest"—that retention of the document would somehow harm the government's case or investigation—a court could never find waiver by the government, which is of course not the law and not what precedent demonstrates.  In arguing that the interests of justice weigh in favor of finding no waiver, the government misstates its burden, claiming that "the defendant has not demonstrated that he would suffer a substantial unfairness due to an inability to review the Disclosed Document."  Srica Letter at 6.  As the disclosing party, the government must establish that privilege has not been waived. *See D'Onofrio v. Borough of Seaside Park*, 2012 WL 1949854, at *7 (D. N.J. 2012).  In addition, the government's assertion that information related to this investigation and its agents' review of *Brady* material is "not germane to this case" is mysterious.  This information is highly relevant to this case, and numerous courts have held "that the interests of justice would be served by a finding of waiver, where, as here, a party's negligence has resulted in the inadvertent production of a privilege document."  *Ciba-Geigy*, 916 F. Supp. at 414.

E.  Ethical Obligation

The government implies that defense counsel violated an ethical duty, *see* Srica Letter at 6, citing dicta and misleading quotes in *Sampson Fire Sales, Inc. v. Oaks*, 201 F.R.D. 351, 361 (M.D. Pa. 2001).  In fact, the government references an American Bar Association model rule that, to our knowledge, has never been adopted.  *Id.*

We were not required to return the Disclosed Document to the government, just because government attorneys demanded we do so.  *See* ABA Model Rule 4.4 ("A lawyer who receives a document or electronically stored information relating to the representation of the lawyer's client and knows or reasonably should know that the document or electronically stored information was inadvertently sent shall promptly notify the sender").  As noted in our initial letter, we carefully complied with our ethical obligations, including informal consultation with a law professor and notifying the government of the disclosure within 24 hours.  Moreover, the Disclosed Document's sequestration pending a decision by the Court—not required by the ethical rules—occurred not at

---

[1] Nevertheless, we would be willing to enter into an appropriate protective order that restricted our disclosure of certain of the information contained in the Disclosed Document.

Hon. Faith S. Hochberg
February 26, 2014
Page 5

the government's "insistence," but on defense counsel's own accord, as a professional courtesy. *See* Boxer Letter, Ex. A.

    F.  Conclusion

        For all of the foregoing reasons, and the reasons set forth in our February 13 letter, we respectfully request that the Court enter an Order permitting us to retain and use the Disclosed Document.

Respectfully submitted,

Nelson A. Boxer

cc:      Charles Reilly (by e-mail)
          Kristina Srica (by e-mail)
          Bryan Bughman (by-e mail)