## JACOBS & BARBONE, P.A.

EDWIN J. JACOBS, JR.  
LOUIS M. BARBONE  
ARTHUR J. MURRAY  

A PROFESSIONAL CORPORATION  
ATTORNEYS AT LAW  

1125 PACIFIC AVENUE  
ATLANTIC CITY, NEW JERSEY 08401  
PHONE: (609) 348-1125  
FAX: (609) 348-3774  
E-MAIL: JACOBSBARBONE@COMCAST.NET  

ERIC H. LUBIN  
MICHAEL F. MYERS  
YOONIEH AHN

May 9, 2014

**Sent via ECF**
Honorable Faith S. Hochberg
United States District Court
U.S. Post Office & Court House Building
Room 311
P.O. Box 999
Newark, N.J. 07101-0999

        Re: U.S.A v. Joseph Wolfson, et al.
           Criminal No. 2:13-cr-748-FSH
           Our File No. 13,113

Dear Judge Hochberg:

  We represent Defendants Joseph Wolfson, Richard Simon Trustee and Betty Simon, Trustee LLC in the above-captioned matter. Please accept this letter brief in lieu of a more formal response to the government's Motion for a Limited Protective Order. On April 25, 2014, the government filed a motion for a "Limited Protective Order" under Federal Rule of Criminal Procedure 16(d)(1) regarding the following documents:

- (i) 14 undercover FBI recordings;

- (ii) 188 FBI Investigative Reports ("302's" or "302 reports");

- (iii) 10 emails and attachments involving Government attorneys;

- (iv) 3 letters involving Government attorneys; and

- (v) 1 internal Government memoranda relating to a prior Antitrust Division investigation.

Doc. No. 45-2, p.1. Respectfully, we do not consent to the Government's overbroad and burdensome "Limited Protective Order" as to the above materials (hereinafter referred to as "the documents"). Specifically, the government has failed to show "good cause" for the following reasons.

1

1.      Paragraph No. 9 of the government's proposed "Limited Protective Order" requires "the defendants, counsel for the defendants, and members of the defense team" to "destroy all…materials…within thirty (30) days from the completion of the appeals period in this case." Doc. No. 45-2, p.4. This provision fails to take into account the possibility that the documents may be necessary for use by defendants or defense counsel in regard to ethics claims, malpractice claims, fee arbitration, post-judgment filings other than "appeals", <u>Hyde</u> Amendment claims, parallel or subsequent civil proceedings involving the government's witnesses[1], defamation actions, and compliance with an attorney's duties under <u>RPC</u> 16:5-4(d).[2]

2.      Paragraph No. 2 of the government's proposed "Limited Protective Order" limits disclosure of the "contents" of the documents to only four (4) scenarios.

- (i) Counsel may use their "knowledge" of the documents to interview prospective witnesses.

- (ii) Counsel may "show" the documents to a prospective witness.

- (iii) Counsel may allow "attorneys, experts, consultants, investigators and any support personnel" to "view" the documents.

- (iv) Counsel may "show" the documents to the defendants.

Doc. No. 45-2, p.2. Counsel does not intend to merely *show* the documents to defendants, we plan to *share* the documents with them and their family members. This case involves over two (2) million documents. Defendants and their family members will play an indispensable role in reviewing these documents and planning defense strategy.

3.      All social security numbers, taxpayer-identification numbers, birth dates, financial account numbers, email addresses, telephone numbers, and home addresses of the indicted co-conspirators and unindicted cooperators named in the 188 FBI Investigative Reports ("302's" or "302 reports") have already been redacted by the government.

---

[1] The aforementioned defendants are defendants in a parallel class action lawsuit filed in the District Court of New Jersey.  IN RE NEW JERSEY TAX SALES CERTIFICATES ANTITRUST LITIGATION, CIVIL DOCKET #: 3:12-cv-01893-MAS-TJB

[2] [.]…closed files must be retained by an attorney for a period of seven years." <u>RPC</u> 16:5-4(d)

2

      4.      The cases cited by the government in its "Argument" in support of its Motion involve objections from *newspapers*, not criminal defendants whose lives are in jeopardy. United States v. Smith, 602 F.Supp. 388, 390 (M.D.Pa. 1985) ("Presently before the Court are motions filed by the Patriot News Company and Philadelphia Newspapers, Inc…[.]"); United States v. Luchko, 2007 WL 1651139 ,*1 (E.D.Pa) ("Philadelphia Newspapers, LLC...has moved to intervene in the case for the limited purpose of opposing the protective order."); Pansy v. Bourough of Stroudsburg, 23 F.3d 772, 776 (3d Cir. 1994) ("On December 23, 1992, the Newspapers also filed the motions in the district court which are the subject of this appeal.")

      5.      There is no ongoing "grand jury investigation" to protect. The statute of limitations on the alleged "conspiracy" expired in February of 2014.

      6.      To the best of our knowledge, the name of the "undercover FBI agent" does not appear on any of the "paper" documents. As for the recordings, defense counsel has only noticed brief mentions of the agent's *first* name, which is incidentally, an extremely ubiquitous one.

      7.      The content of the letters and emails involving "government attorneys" is not even remotely embarrassing or private.

For these reasons, as well as those expressed before the Court on March 26, 2014, defendants respectfully request that the Court deny the government's Motion for a Limited Protective Order.

      Respectfully,
      JACOBS & BARBONE, P.A.

      /s/ Michael F. Myers
      Michael F. Myers, Esquire
      Edwin J. Jacobs, Jr., Esquire

cc: All counsel
cc: Joseph Wolfson