

U.S. Department of Justice

Antitrust Division

*New York Office*

*26 Federal Plaza*  *212/335-8000*
*Room 3630*
*New York, New York 10278-0004*  *FAX 212/335-8023*

May 16, 2014

BY ECF, EMAIL, & FEDERAL EXPRESS

Honorable Faith S. Hochberg
United States District Court
Martin Luther King Building
& U.S. Courthouse
50 Walnut Street
Room 4015
Newark, NJ 07101

   Re: United States v. Wolfson, et al., 2:13-cr-00748-FSH (D.N.J.)

Dear Judge Hochberg:

  The Government respectfully submits this letter reply to the May 9, 2014 response from the Wolfson defendants (Joseph Wolfson, Betty Simon, Trustee and Richard Simon, Trustee) regarding the Government's motion for a Limited Protective Order. The Wolfson defendants are the only defendants who have filed an opposition to the Government's motion.

  The Wolfson defendants object to Paragraph 9 of the proposed Order which requires counsel to return to the Government, or destroy, the materials subject to the proposed Order within thirty days after the completion of any appeals in the above-captioned case. They posit that there is a "possibility that the documents may be necessary for use by defendants or defense counsel in regard to ethics claims, malpractice claims, fee arbitration, post-judgment filings other than 'appeals,' Hyde Amendment claims, parallel or subsequent civil proceedings involving the government's witnesses, defamation actions, and compliance with an attorney's duties under RPC 16:5-4(d)." *Myers Letter Dated May 9, 2014*, pg. 2 (footnotes omitted).

  However, should any of the "possibilities" posited by the Wolfson defendants materialize, they can move to modify Paragraph 10 of the Limited Protective Order and seek to have the Government retain any of the materials that may be relevant to the issue than at hand. Any such motion to modify will enable the Court to make an informed decision of what materials may be retained for use in the context of any proceeding that may arise.

*United States v. Joseph Wolfson, et al.* (2:13-cr-00748-FSH) (D.N.J.)
Government's Reply to Myers Letter Dated May 9, 2014
May 16, 2014

   The Wolfson defendants also object to Paragraph 2(d) of the Order which permits them to "show Sensitive Government Materials to the defendants." They instead wish to "share the documents with the defendants and their family members." *Myers Letter Dated May 9, 2014*, pg. 2. The Wolfson defendants, however, fail to demonstrate how only being permitted to show the defendants the materials prevents them from "reviewing these documents and planning defense strategy." *Myers Letter Dated May 9, 2014*, pg. 2. Furthermore, "sharing" of the Sensitive Government Materials, which would also include unlimited use of copies of the materials, would render any protective order completely ineffective. Control over further dissemination of the Sensitive Government Materials is not possible if unfettered sharing and use is permitted.

   Finally, the Wolfson defendants assert that there is "no ongoing 'grand jury' investigation to protect and that the statue of limitations on the alleged 'conspiracy' expired in February of 2014." *Myers Letter Dated May 9, 2014*, p. 3. This is simply incorrect. The Government, not defense counsel, is the only party in a position to determine whether there is an ongoing Grand Jury investigation. There is in fact a related ongoing Grand Jury investigation involving criminal conduct for which the statute of limitations has not run.

   The Government respectfully moves this Court for the entry of the proposed Limited Protective Order should be entered.

                     Respectfully,

                     /s/

                     Kristina N. Srica
                     Attorney
                     Antitrust Division

cc: Counsel of Record (By ECF & Email)