# PETRILLO KLEIN & BOXER LLP

655 Third Avenue
22nd Floor
New York, NY 10017
Telephone: (212) 370-0330
www.pkbllp.com

Nelson A. Boxer
Direct Dial: (212) 370-0338
Cell:      (917) 273-2693
nboxer@pkbllp.com

May 19, 2014

**By ECF**

Hon. Faith S. Hochberg
United States District Court
District of New Jersey
Martin Luther King, Jr. U.S. Courthouse
  and Federal Building
50 Walnut Street
Newark, NJ 07101

    Re:    **U.S. v. Wolfson, et al.**
            **2:13-cr-00748 (FSH)**

Dear Judge Hochberg:

    I respectfully submit this letter in further support of my April 25, 2014 letter, and in response to the government's May 9, 2014 letter, regarding my representation of Mr. Gregg Gehring. As previously stated, we have no objection to a hearing to confirm that Mr. Gehring has knowingly, intelligently, and voluntarily waived any potential conflicts of interest. I address several points raised by the government in its May 9 letter, as follows:

    First, Mr. Hansen has waived any potential conflicts regarding his counsel.

    Second, while I understand the government's point -- that the testimony of Mr. Hansen could be used to prove the existence of the charged conspiracy (and that it is "conceivable" there could be testimony concerning three allegedly rigged auctions attended by both Mr. Hansen and Mr. Gehring while they were at different companies, in 2004 and 2006) -- Mr. Hansen's testimony could not establish that Mr. Gehring was a member of that conspiracy, because the government has represented that "Mr. Hansen ... denies informing Mr. Gehring of [Mr. Hansen's] bid rigging activities" and that the evidence of Mr. Gehring's alleged knowledge and involvement in the charged conspiracy would be proven through "other evidence."

    Third, *United States v. Daugerdas*, 735 F. Supp. 2d 113 (S.D.N.Y. 2010), cited several times by the government, is not relevant, because in *Daugerdas*: (i) the cooperating witness refused to waive any potential conflicts; (ii) the cooperating witness was a "close associate" of and possessed relevant information concerning the defendant; (iii) the government represented that it would call the cooperating witness to testify against the defendant; and (iv) the defendant had only

May 19, 2014
Page 2

recently retained the law firm that also represented the cooperating witness and the defendant had also been represented, for a significant period of time, by another (his "primary") lawyer. In the instant case, the facts are opposite to those present in *Daugerdas*: (i) Mr. Gehring and Mr. Hansen have waived any potential conflicts; (ii) Mr. Hansen was not a "close associate" of and does not possess incriminating information against Mr. Gehring; (iii) the government has not represented that it will call Mr. Hansen to testify against Mr. Gehring; and (iv) I have been representing Mr. Gehring for over four years.

Fourth, even if I were to examine (I have not decided to call Mr. Hansen as a defense witness; I only raised that possibility in my April 25 letter so the Court would be aware of all possible scenarios) or cross-examine Mr. Hansen during the trial, I do not possess any confidential information from or about Mr. Hansen, and therefore I would not be conflicted about what information I could or should use during such a cross-examination.

Respectfully submitted,

Nelson A. Boxer

cc:     All Counsel (by ECF)