UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

| | |
|---|---|
| UNITED STATES OF AMERICA : | Hon. Faith S. Hochberg |
| v. : | Crim. No. 2:13-cr-748-FSH |
| JOSEPH WOLFSON; : <br> GREGG GEHRING; : <br> JAMES JEFFERS JR.; : <br> ROBERT JEFFREY; : <br> BETTY SIMON, TRUSTEE LLC; and : <br> RICHARD SIMON, TRUSTEE, : | Violation: 15 U.S.C. §1 |
| Defendants. : | |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

## LIMITED PROTECTIVE ORDER

Upon consideration of the Government's Motion for a Limited Protective Order pursuant to Fed. R. Crim. P. 16(d)(1), **IT IS HEREBY ORDERED** that:

1. This Limited Protective Order applies to the above-captioned defendants' and counsel for the defendants' use and disclosure of all discovery materials created by the Government during the New Jersey tax liens investigation, including, but not limited to, the following materials produced to the defendants: 14 undercover FBI recordings; 188 FBI investigative reports; 10 emails and attachments involving Government attorneys; 3 letters involving Government attorneys; and 1 internal Government memoranda relating to a prior Antitrust Division investigation (hereinafter "Sensitive Government Materials").[1]

---

[1] This identification of materials represents the Government's best efforts to date. Additional Sensitive Government Materials may be produced to the defendants at a later date and those materials would also be subject to the proposed Limited Protective Order.

2. Defendants and counsel for the defendants shall not disclose any Sensitive Government Materials or the contents thereof to any other person, except that, for the sole purpose of preparing for trial:

> (a) Counsel for the defendants may use their knowledge of Sensitive Government Materials to interview prospective witnesses;
>
> (b) Counsel for the defendants may show a prospective witness, or his or her own counsel, the Sensitive Government Materials;
>
> (c) Counsel for the defendants may allow any person retained to assist in the prosecution, or preparation of the defense (including attorneys, experts, consultants, investigators, and any support personnel employed by these parties), to view Sensitive Government Materials; and
>
> (d) Counsel for the defendants may show Sensitive Government Materials to the defendants.

3. For each person to whom Sensitive Government Materials have been shown or their contents disclosed by the defendants or counsel for the defendants pursuant to Paragraph 2 of this Limited Protective Order, counsel for the defendants shall obtain from each such third party or its counsel, at the time of the initial dissemination, the following written statement:

> I acknowledge that the discovery materials provided to me are protected from further dissemination by the Court's Limited Protective Order, dated _____, 2014, a copy of which I have received and read in its entirety. I agree to be bound by its provisions.

4. Except as provided for in Paragraph 5 below, disclosure of the identities of the third parties to which the defendants or counsel for the defendants disseminated the

2

Sensitive Government Materials, and disclosure of the written statements obtained from those third parties, can only be obtained with a court order. Counsel for the defendants shall maintain a copy of each signed statement, each of which shall be considered "Sensitive Materials" pursuant to this Limited Protective Order. No third party shall be required to disclose its receipt of Sensitive Government Materials or the aforementioned written statement pursuant to this Limited Protective Order.

5. In the event that the defendants, counsel for the defendants, or any person retained to assist in the preparation of the defense (including attorneys, experts, consultants, investigators, and any support personnel employed by these parties), inadvertently discloses Sensitive Government Materials to a third party, counsel shall promptly notify the Government of the identity of the recipient of the inadvertently disclosed Sensitive Government Materials and shall use reasonable efforts to secure the return or destruction of the inadvertently disclosed Sensitive Government Materials from the third party.

6. If the defendants, counsel for the defendants, or a third party or its counsel have obtained Sensitive Government Materials pursuant to this Limited Protective Order and, in the context of another court proceeding, investigation, or inquiry, receives a subpoena or other compulsory process commanding the production of such Sensitive Government Materials, the party shall promptly notify the Government at least fourteen (14) days before disclosure and shall object to the production of the Sensitive Government Materials pursuant to this Limited Protective Order. If any of the defendants, counsel for the defendants, or a third party or its counsel that have obtained Sensitive Government Materials pursuant to this Limited Protective Order, receives a motion to compel production of such documents, that party shall promptly notify the

Government and shall advise the court in which such a motion is made of the existence of this Limited Protective Order. If a court nonetheless orders the production of Sensitive Government Materials that are subject to this Limited Protective Order, then production of such documents pursuant to that order shall not be deemed a violation of this Limited Protective Order. Nothing contained in this Limited Protective Order is intended to indicate that any other court order would have priority over this Limited Protective Order. Moreover, nothing contained herein shall waive any party's objection to the jurisdiction of the other court.

7. Nothing contained herein shall restrict or prevent counsel for the defendants from offering the Sensitive Government Materials into evidence at a hearing or at trial or citing any materials in court papers filed in this case or at trial, so long as such documents are admissible pursuant to the Federal Rules of Evidence and redacted in accordance with Fed. R. Crim. P. 49.1.

8. Notwithstanding anything to the contrary herein, the defendants and counsel for the defendants shall have no obligation under this Limited Protective Order with respect to information that is, or becomes, publicly available (unless such information is made public by unauthorized disclosure).

9. The parties may file a motion seeking a modification or recision of this Limited Protective Order.

**SO ORDERED.**

**SIGNED** on this 27th day of June, 2014.

*[signature]*
FAITH S. HOCHBERG
UNITED STATES DISTRICT JUDGE