

U.S. Department of Justice

Antitrust Division

---

*New York Office*

26 Federal Plaza  
Room 3630  
New York, New York 10278-0004

212/335-8000

FAX 212/335-8023

October 30, 2014

BY FEDERAL EXPRESS & ECF FILING

Honorable Michael A. Hammer  
Martin Luther King, Jr. Federal Building  
& United States Courthouse  
50 Market Street  
Newark, NJ

      Re:    United States v. Wolfson, et al., 2:13-cr-748-FSH

Dear Magistrate Judge Hammer,

      The Government respectfully submits this letter in order to assist the Court and the parties to resolve the issues that will be addressed by Your Honor on November 3, 2014, including the scope of the Government's thirty auction limitation and the dates by which Defendants should provide the Government with reciprocal trial related materials. Contained below are the relevant background facts and a suggested procedure that the Government believes will serve the dual purpose of helping defendants manage and focus their trial preparation efforts and conserving judicial time and resources during the course of the trial.

The Nature of the Government's Case-in-Chief

      The Indictment charges the Defendants with participating in a single count conspiracy in violation of Section One of the Sherman Act. The indictment alleges that the Defendants participated in a conspiracy to rig and allocate tax liens during numerous municipal auctions that occurred throughout the State of New Jersey during the time period of approximately 1998 to 2009. Pursuant to the Defendants' request, in March 2014 the Government provided them with a Bill of Particulars that disclosed the specific auctions where the Government alleges liens were allocated during the life of the conspiracy.

      During its case-in-chief, the Government expects its main witnesses to testify essentially in two parts. During the first part, the witnesses will testify about the general nature of the conspiracy without referring to specific auctions. In this portion of their

testimony, the witnesses will describe how the conspiracy was formed, who joined it, the ways in which it operated and the time period when it existed. During the second part, the witnesses will focus their testimony on a small subset of the 429 auctions that were listed in the Government's Bill of Particulars. The Government believes that this specific auction related testimony will be of great benefit to the jury because it will provide illustrative, concrete examples of the ways in which the conspiracy operated. For each specific auction discussed, the witnesses will refer to a small number of documents including what are known in the industry as "bid books."[1] With respect to approximately four auctions, the Government also intends to introduce portions of video and audio recordings.

<u>The Government's Efforts to Assist Defendants' Trial Preparation and Conserve Judicial Resources</u>

The Government began providing discovery materials to the Defendants in March 2014. Included among this March discovery production were all of the audio and video recordings in the Government's possession and virtually all of the interview reports of statements made by the Government's expected trial witnesses. By disclosing the witness statements and recordings many months in advance of trial, the Government has provided significant assistance to Defendants. The early disclosure has allowed Defendants to prepare for both parts of the expected witness testimony that is described above.

Although the Government alleges that all 429 auctions listed in the Bill of Particulars form the basis of the charged conspiracy, the Government recognizes the burden defendants would be placed under if they were required to prepare to defend against the introduction of testimony and evidence pertaining to the specific details of each of these 429 auctions. The Government also recognizes that it would be impractical for the Government to attempt to introduce the specific details of all 429 auctions at trial.

Therefore, on September 17, 2014, pursuant to Court Order, the Government identified a limited universe of thirty auctions from which it will choose when it provides the jury with illustrative, concrete examples of the ways in which the conspiracy operated.[2] The purpose of providing the list well in advance of trial was to alleviate the Defendants' trial preparation burden. Moreover, the Government's early identification of these thirty auctions is especially valuable, because not only will the vast majority of the Government's trial exhibits relate to these thirty auctions, but in addition, the Defendants

---

[1] During the alleged conspiratorial period, it was standard practice for most bidders to use a bid book for each auction that the bidder attended. The bid books consisted essentially of a list of properties expected to be sold during a particular auction. At trial, the Government will introduce notations made in particular bid books (along with accompanying testimony) as evidence that liens were allocated at particular auctions pursuant to the charged conspiracy.

[2] The Government anticipates that it will not attempt to introduce all thirty auctions during its case-in-chief.

have had access to all of these auction documents since March 2014. It is important to note however, that the Government's use of these thirty auctions at trial as illustrative examples does not alter the Indictment's central charge that the conspiracy included all 429 auctions listed in the Bill of Particulars.

In order to further alleviate the Defendants' trial preparation burden, for each of the thirty auctions, the Government hereby offers to provide Defendants with its work product in the form of "review sets" organized by auction. The Government created the review sets by searching through the universe of documents it has obtained during its investigation and then selecting and organizing relevant documents pertaining to particular auctions. Each auction review set consists of approximately one "Redweld" folder.

Based on statements made by counsel during the recent October 15, 2014 hearing that was held before Your Honor, it appears that Defendants will be ready for trial no earlier than July 2015.[3] Therefore, because the Government identified its list of thirty auctions on September 17, 2014, Defendants will most likely have at least nine months to focus their review on the materials pertaining to these auctions. This amount of preparation time should be more than adequate, especially in light of the Government's offer to provide Defendants with its work product review sets for all thirty auctions.

The Government's Suggested Procedure

In order to eliminate any confusion that may currently exist, the Government hereby clarifies that it does not presently intend to introduce testimony or documents pertaining to any specific auction that has not been identified on the list of thirty that was provided to Defendants in September 2014. However, as it prepares for trial (which as noted above appears to be at least eight months away) the Government will interview its witnesses and review relevant documents and recordings. During the course of this trial preparation period, the Government may obtain additional evidence pertaining to auctions beyond the list of thirty that have been identified. Accordingly, it is in the public interest to allow the Government some flexibility before trial to make minor additions, if necessary, to the list of auctions that will be used to help the jury understand the facts underlying the charged conspiracy, so long as the additions do not unfairly burden Defendants or the Court.

The Government therefore respectfully requests that it be permitted to add a maximum of five additional auctions to its list of thirty up until 120 days before trial. To alleviate Defendants' preparation burden even further, the Government offers to provide work product review sets for any additional auctions that are added. The Government is confident that the requested procedure will provide Defendants more than sufficient time

---

[3] It is important to note that during a hearing held on March 26, 2014 Judge Hochberg ordered Defendants to complete their discovery review by December 31, 2014 and to notify the Court by no later than November 1, 2014 if they require additional time to complete their review. *See* Transcript (ECF Document 65-2) at pages 70-71.

to prepare for trial. Moreover, the addition of up to five auctions will serve only to slightly expand the universe of auctions from which the Government will be able choose to introduce as illustrative examples; it will not increase the number of auctions that the Government intends to introduce at trial. Furthermore, the Government's request to add up to five additional auctions, if necessary, is consistent with the directives given by Judge Hochberg during the June 17, 2014 status conference during which the Court instructed the Government to provide Defendants with a list of 25 to 30 auctions and then stated "if there are five more that you think you need imperatively, give them those five more." See Transcript (ECF Document 65-5) at 22.

Reciprocal Defense Production of Trial Related Materials

As the Court is aware, on October 15, 2014 the Government agreed to unilaterally enlarge certain production obligation deadlines that were contained in the Discovery and Inspection Order that was issued by Judge Hochberg in January 2014. These enlargements require the Government to provide pre-marked trial exhibits, audio transcripts and Rule 404(b) notice by not less than 90 days before trial. The Government agreed to these enlargements of time in order to assist the Court and the parties to conserve judicial resources and conduct the trial in an efficient manner. With the same goals in mind, the Government requests that the January Discovery and Inspection Order be modified in the following fashion. With respect to paragraph 6, that Defendants provide the Government with their pre-marked trial exhibits no later than 60 days in advance of trial, and with respect to paragraph 7, that Defendants provide notice of challenges to the authenticity of Government trial exhibits no later than 45 days before trial. These requested modifications should not be burdensome to Defendants and will advance the goals of judicial economy and efficiency.

For the reasons discussed, the Government respectfully requests that the Court grant each of the requests described above.

Respectfully submitted,

STEVEN TUGANDER
Trial Attorney
Antitrust Division

Copy to all counsel (by email and ECF filing)