UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

------------------------------------------

| | |
|---|---|
| UNITED STATES OF AMERICA | Hon. Susan D. Wigenton |
| v. | Crim. No. 2:13-cr-748-SDW |
| JOSEPH WOLFSON;<br>GREGG GEHRING;<br>JAMES JEFFERS JR.;<br>ROBERT JEFFREY;<br>BETTY SIMON, TRUSTEE LLC; and<br>RICHARD SIMON, TRUSTEE, | Motion Date: September 3, 2015 |
| Defendants. | |

------------------------------------------

### DEFENDANT GREGG GEHRING'S MEMORANDUM OF LAW IN OPPOSITION TO THE GOVERNMENT'S MOTION *IN LIMINE* TO EXCLUDE EVIDENCE OF TAX COLLECTOR AWARENESS OR ACQUIESCENCE

PETRILLO KLEIN & BOXER LLP
Nelson A. Boxer
Philip Pilmar
Mirah Curzer
655 Third Avenue
New York, NY 10017

Attorneys for Gregg Gehring

August 17, 2015

On behalf of defendant Gregg Gehring, we respectfully submit this Memorandum of Law in opposition to the government's July 27, 2015, *in limine* motion "to preclude the Defendants from presenting evidence or argument relating to tax collector awareness or acquiescence at trial." While we agree (for purposes of this motion) with the proposition that establishing bid-rigging at trial would, *per se*, establish anti-competitive behavior under the Sherman Act, the relief requested by the government *in limine* could, as a matter of law, alleviate its burden of proving beyond a reasonable doubt Mr. Gehring's intent to join the charged conspiracy. Accordingly, the government's *in limine* motion should be denied.

The government's motion conflates the *per se*, anti-competitive harm of a typical bid-rigging case, with the elements the government is required to prove beyond a reasonable doubt in this criminal prosecution – namely, that each defendant *"knowingly"* (that is, *"voluntarily and intentionally"*) joined the alleged conspiracy and that each defendant did not act "because of a mistake, accident, or other innocent reason." ABA Model Jury Instructions in Criminal Antitrust Cases 71 (2009) (emphasis added). Even in a *per se* Sherman Act case, the government must prove Mr. Gehring's intent to join the alleged unlawful conspiracy, and the tax collectors' behavior or statements could be relevant to the jury's determination of that requisite, criminal intent.

The government's motion correctly recites basic principles of evidence and antitrust law. Of course, evidence must be relevant to be admissible. *See* Fed. R. Evid. 401 ("Evidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action."); Fed. R. Evid. 402 ("Irrelevant evidence is not admissible."). We also understand that bid-rigging is typically *per se* unlawful under the Sherman Act. *See United States v. Socony-Vacuum Oil Co.*, 310 U.S. 150,

218 (1940). But, when an act is *per se* unlawful, that principle merely eliminates the requirement that the government prove that the conduct was an "unreasonable restraint on trade." *Cf. United States v. Koppers Co.*, 652 F.2d 290, 295 n.6 (2d Cir. 1981). The fact that conduct is a *per se* violation of the Sherman Act, however, does not alter the requirement that the government must prove beyond a reasonable doubt that a defendant "knowingly" "joined the conspiracy . . . with the intent to aid or advance the object or purpose of the conspiracy" and that a defendant did not act "because of a mistake, accident, or other innocent reason." ABA Model Jury Instructions in Criminal Antitrust Cases 71 (2009); *see also* Sand, et al., Modern Federal Jury Instructions, Instruction 58-51 (2015).

The government cites *United States v. Gillen*, 599 F.2d 541 (3d Cir. 1979), for the proposition that "in cases involving conduct that is illegal *per se*, no inquiry has to be made on the issue of intent beyond proof that one formed or joined the conspiracy." (Gov't Mem. at 3.) When the government posits that "intent" is not needed to violate the Sherman Act, what it can only mean is that a specific criminal intent to violate the antitrust laws is not required. *See United States v. Nippon Paper Indus. Co.*, 109 F.3d 1, 7 (1st Cir. 1997) ("The *Gypsum* Court [*United States v. United States Gypsum Co.*, 438 U.S. 422 (1978)] made it plain that intent need not be shown to prosecute criminally conduct regarded as *per se* illegal because of its unquestionably anticompetitive effects. This means, of course, that defendants can be convicted of participation in price-fixing conspiracies without any demonstration of a specific criminal intent to violate the antitrust laws."). Any *per se* nature of this case merely eliminates the requirement that the government prove that a defendant intended to restrain trade; it does not alleviate the government's burden of proving Mr. Gehring's intent to voluntarily and

2

intentionally join the charged conspiracy and cannot be a justification for wholesale elimination of categories of evidence which the jury could find relevant to adjudicating that intent.

In fact, the Department of Justice's own proposed jury instructions in a recent criminal antitrust case requested that the Court instruct the jury, *inter alia*:

> [T]he second element the government must prove beyond a reasonable doubt for you to find the defendant guilty is that the defendant knowingly joined the conspiracy charged in the Indictment. To act "knowingly" means to act voluntarily and intentionally, and not because of a mistake, accident, or other innocent reason. Therefore, before you may convict the defendant, the evidence must establish that the defendant joined the conspiracy to fix prices with the intent to aid or advance the object or purpose of the conspiracy.
>
> . . .
>
> As I have indicated, a defendant who acts to further the conspiracy as a result of mistake, accident, or other innocent reason, does not thereby become a member of the conspiracy.

United States' Proposed Jury Instructions, *United States v. Farmer*, No. 13-CR-162 (D. P.R. May 4, 2015), ECF No. 435-1.

A tax collector's knowledge of, presence during, or acquiescence in pre-auction discussions amongst bidders could be relevant to whether a defendant knowingly joined the alleged conspiracy.[1] While, for purposes of this motion, we agree that such evidence, if introduced, could not be used to argue that bid-rigging is not *per se* unlawful or that bid-rigging is not a violation of the Sherman Act, the relief sought by the government would prevent Mr. Gehring from arguing to the jury that tax collectors' statements or acquiescence are relevant to proof of Mr. Gehring knowingly and unlawfully joining the charged conspiracy. The broad,

---

[1] The discovery produced to date demonstrates that some municipal tax collectors were not only aware of discussions amongst bidders, but also encouraged bidders to divide liens and win liens at 18%. *See, e.g.*, 9/21/10 Interview of Carey Ann Bishop ("The tax collector . . . did not want to do the tax lien sale . . . and told the bidders to sort it out amongst themselves."); 11/22/10 Interview of David Butler (in discussing Paterson tax sale: "When the tax collector calls out a lot/block and multiple people call out 18%, the tax collector picks someone to get the lien at 18% and doesn't allow the bidding process to happen.").

3

unequivocal scope of the government's *in limine* request for relief could equate a *per se* violation of the Sherman Act with the *mens rea* requirement of the charged conspiracy, and risks transforming Count One of the Indictment into a strict liability offense.

The government's analogy to defrauding a bank and its citation to *United States v. Jimenez*, 513 F.3d 62 (3d Cir. 2008), is inapposite. In *Jimenez*, the defendants were convicted of conspiracies involving mortgage fraud and bank fraud, and one of the defendants was an employee at the bank. On appeal, the defendants argued that the bank had knowledge of their actions, and thus their conduct could not constitute a crime. The Third Circuit ruled that a bank employee's knowledge of or participation in a fraud against a bank is not a defense, because it is the bank itself, and not individual officers or directors, who is the victim of the offense. Further, the defendants in *Jimenez* concealed their activities from other senior members of the bank, and therefore the "evidence sufficiently support[ed] the jury's conclusion that the scheme was intended to defraud the bank despite [a defendant's] dual role of involvement in and knowledge of the scheme and his position as a bank officer." *Id.* at 74.

In the instant case, we do not contend that a municipal official could not be a co-conspirator. However, precluding the presentation of any evidence or argument relating to tax collector awareness or acquiescence undermines the government's burden to prove that a defendant knowingly joined the conspiracy. It should be for the jury to determine the weight of any statements or behavior by a tax collector in deciding whether or not Mr. Gehring knowingly joined the alleged bid-rigging conspiracy. *See Blancha v. Raymark Indus.*, 972 F.2d 507, 514 (3d Cir. 1992) ("Because the rule makes evidence relevant if it has any tendency to prove a consequential fact, it follows that evidence is irrelevant only when it has no tendency to prove the fact. Thus the rule, while giving judges great freedom to admit evidence, diminishes

substantially their authority to exclude evidence as irrelevant.") (citation, internal quotation marks, and emphasis omitted).

In sum, bid rigging is typically *per se* anti-competitive and an unreasonable restraint of trade under the Sherman Act, and for purposes of this motion, we do not take issue with the proposition that the government is not required to prove a specific intent to violate the Sherman Act. However, because evidence of tax collector awareness or acquiescence could be relevant to the jury's determination of whether or not Mr. Gehring knowingly joined the charged bid-rigging conspiracy, the government's motion "to preclude the Defendants from presenting evidence or argument relating to tax collector awareness or acquiescence at trial" should be denied.

Dated: August 17, 2015

Respectfully submitted,

By: _____
Nelson A. Boxer
Philip Pilmar
Mirah Curzer
PETRILLO KLEIN & BOXER LLP
655 Third Avenue
New York, NY 10017