**OLEJAR & OLEJAR, LLP**
COUNSELLORS AT LAW
**11 Morey Lane
Randolph, NJ 07869
Tel. (201) 400-8351**
RJOlejar@American-Barrister.com

**ROBERT J. OLEJAR, Barrister***                                                        **LINDA M. K. OLEJAR**
 Also Certified Public Accountant of New Jersey
*Called to the Bar of England and Wales 2014

August 17, 2014

Honorable Susan D. Wigenton, U.S.D.J.
MLK Federal Bldg. & U.S. Courthouse
Courtroom 5C
50 Walnut Street
Newark, NJ 07101

Re:   *U.S. v. Joseph Wolfson, et al*.,
      Docket No. 2:13-cr-00748 (SDW)

Dear Judge Wigenton:

Please accept this Letter Memorandum of Law, submitted on behalf of Defendant James Jeffers, Jr., in Opposition to the Government's Motion *In Limine* to exclude evidence of tax collector knowledge or acquiescence at trial. The cases the Government relies on provide no support for such an order. With the exception of one case having to do with fraud, and actually supports the defense in this case, no evidence was excluded in any case, most dealing with alleged errant jury instructions.

- In *Holmes v. South Carolina*, 547 U.S. 319 (2006), Justice Alito, writing for a unanimous court, vacated the judgment against a defendant in a murder trial, on the grounds that excluding evidence of possible third-party guilt "violates a criminal defendant's right to have a meaningful opportunity to present a complete defense." *Id*. at 331.

- In *United States v. Glasser*, 773 F.2d 1553 (11th Cir. 1985) the defendant sought to introduce evidence that she was not present at four of the forty-four fraudulent transactions which she was charged. The court excluded the evidence, noting that if the defendant could show that the evidence against her would have been rendered less compelling by the evidence she sought to introduce, it would have been admissible. *Id*. at 1559-60. By that standard, evidence of knowledge or acquiescence of the tax collectors is relevant and admissible.

- *Taylor v. Illinois*, 484 U.S. 400, 410 (1988), addressed the issue of whether the Sixth Amendment creates an absolute bar to the preclusion of the testimony of a surprise defense witness. Trial has yet to begin; *no* witnesses, surprise or otherwise have been called.

- In *Nash v. U.S.*, 229 U.S. 373 (1913), Justice Holmes was distinguishing conspiracy under the Sherman Act from other conspiracies which require another overt act as a condition of liability. *Id.* at 378. This is true whether there is a *per se* offense or whether the rule of reason should be applied.

- In *U.S. v. Gillen*, 599 F.2d 541, (3d Cir. 1979), the issue was whether the trial judge, sitting without a jury, erred by not making a specific finding regarding the *defendant's* intent. The concurring opinion put the issue in the context of a jury trial:

> [W]hereas under the majority's approach a defendant who is prosecuted for participating in a price-fixing conspiracy or in any other combination that constitutes a Per se violation of the Act would not be entitled to a jury charge on intent, I regard such an instruction, when requested, to be mandatory after *Gypsum*. However, in Gillen's case it appears that the failure of the trial judge who sat without a jury and operated without the benefit of the Gypsum pronouncement to make an explicit determination regarding intent did "not affect the substantial rights of" Gillen.

*Id*. at 5.  In *Gillen*, the question was whether the trial court, sitting without a jury, was required to make a specific finding about the defendant's intent, or, as the concurrence put it, whether a jury instruction regarding defendant's intent was required.  The issue arose *after* the evidence had been adduced at trial; there was no issue of whether such evidence was admissible or should be excluded.

- The Government also cites *United States v. Socony-Vacuum Oil Co.*, 310 U.S. 150 (1940), which also involves the jury charge, the words *admissible* and *inadmissible*, never appearing in the opinion at all.

The present indictment alleges bid-rigging.  Not a single sale of a tax lien certificate could occur without the auctioneer, which, in all cases, was a municipal tax officer.  The manner in which the auctions were conducted, as well as the conduct of the auctioneers is inseparable from the conduct of the defendants.  The order sought by the Government would, if entered, "…violate …[the defendants']…right to have a meaningful opportunity to present a complete defense." *Holmes* at 331.

For the foregoing reasons, the Government's Motion *In Limine* should be denied.

        Respectfully submitted,

        **OLEJAR & OLEJAR, LLP**

        By:/s/ Robert J. Olejar_____
           ROBERT J. OLEJAR, ESQ., C.P.A., C.F.E.

cc.   All Counsel via ECF
      Mr. James Jeffers, Jr., via eMail attachment