**OLEJAR & OLEJAR, L.L.P.**
11 Morey Lane
Randolph, NJ 07869-4628
(201) 400-8351
rolejar@aol.com
**Attorneys for Defendant James Jeffers, Jr.**

### UNITED STATE DISTRICT COURT

### DISTRICT OF NEW JERSEY

| | |
|---|---|
| **UNITED STATES OF AMERICA** <br><br> **Plaintiff,** <br><br> v. <br><br> **JAMES JEFFERS, JR., et al** <br><br> **Defendants.** | **Hon. Susan D. Wigenton, U.S.D.J.** <br><br> **Criminal No. 2:13-cr-0748 (SDW)** <br><br> **DEFENDANT JAMES JEFFERS, JR.'s POST-VERDICT MOTION FOR JUDGMENT OF ACQUITTAL AND MOTION FOR NEW TRIAL** |

Defendant James Jeffers, Jr., [hereinafter "Defendant"] by and through his counsel, Olejar & Olejar, L.L.P., Robert J. Olejar, Esq., C.P.A., C.F.E., appearing, respectfully moves the Court to enter a Judgement of Acquittal after Jury Verdict, for the sole offense charged in the above-captioned Indictment, pursuant to Federal Rules of Criminal Procedure 29(c) [hereinafter "Rule 29"] on the grounds that the evidence in the case is insufficient to sustain a conviction for that offense.  At the close of the Government's case, counsel for co-Defendant Robert Jeffrey filed a Motion for Acquittal under Rule 29(a), in which Defendant joined, and the Court reserved decision.  The Motion was subsequently rendered moot by the acquittal of Defendant Jeffrey, and subsequently withdrawn by Defendant Jeffrey, but not by Defendant.  Accordingly, the Motion for Judgement of Acquittal submitted at the close of the Government's case remains pending as to Defendant.

Defendant further moves for an Order setting aside the Verdict against Defendant and granting a new trial pursuant to Federal Rule of Criminal Procedure 33 [hereinafter "Rule 33"] on the following grounds:

1. The Court's denial of Defendant Gregg Gehring's Motion to Dismiss the Indictment for failure to allege an offense under the Sherman Act.  Defendant joined in this motion and continues to pursue the motion, notwithstanding the voluntary dismissal of the Indictment as to Defendant Gehring.  Defendant adopts the arguments and incorporates by reference all papers in support of Defendant Gehring's Motion to Dismiss submitted to the Court by counsel for any defendant.  Obviously, had the Court granted this pretrial motion to dismiss, there would have been no trial.

2. The Court's grant of the Government's Pretrial Motion *In Limine*, barring Defendant from introducing any evidence or commenting on the knowledge or acquiescence of the municipal tax collectors, who in all cases conducted the tax lien sales, not only depriving Defendant of a viable defense to, *inter alia*, the knowledge element of conspiracy, but precluded the Jury from applying the State Action Doctrine, an affirmative defense to the only charge in the Indictment.

3. The Court's denial of Defendant Robert Jeffrey's Motion for Acquittal at the close of the Government's case.  Defendant joined in this motion and continues to pursue the motion, notwithstanding the acquittal of Defendant Jeffrey.  Defendant adopts the arguments and incorporates by reference all papers in

   support of Defendant Jeffrey's Motion for Judgment of Acquittal submitted to the Court by counsel for any defendant.

4. The Court's rejection of jury instructions proposed by the defendants, especially those relating to the legality of discussions before tax lien sales and New Jersey State public policy underlying the lax lien statutory scheme and the conduct of tax lien sales.

5. In his Closing Argument, counsel for the Government told the jury Defendant taught FBI Agent Jessica Weisman to "pick liens", which she expressly denied during her direct examination.  The Court denied the undersigned's request that the Jury be advised that the prosecutor's statement was, in fact, false.  This prosecutorial misconduct was brought to the attention of the Court prior to the Government's rebuttal, and therefore could have and should have been corrected.  This falsehood was crucial to the conviction of Defendant.

6. The first question posed by the jury after beginning deliberations was, "Please define goods & services as outlined in Sherman AT act."  After a conference with all counsel on the record, during which the Court rejected defense counsels' suggestion that it was a question of fact for the jury to decide, the Court replied, "The issue of whether municipal tax liens are "goods &/or services" is not for your consideration.  Please consider all of the jury instructions. Thank you. SDW"  By taking the issue of goods and services from the Jury, the Court effectively granted the Government summary judgment on that issue.  As a result, Defendant was convicted on less than proof beyond a reasonable doubt on every element of the only offense charged in the Indictment.

The above errors greatly influenced the outcome of the trial. Lack of any of those errors would probably have changed the result of the case. *Ibid*. Accordingly, the above errors, individually or in the aggregate, were against the interests of justice and denied Defendant a fair trial.

## ARGUMENT

### The Court Should Order a Judgment of Acquittal for Defendant Notwithstanding the Verdict Pursuant to Rule 29 and a New Trial Pursuant to Rule 33.

Rule 29(a) provides, "…the court on defendant's motion must enter a judgment of acquittal on any offense for which the evidence is insufficient to sustain a conviction." Rule 33(a) states, "Upon the defendant's motion, the court may vacate any judgment and grant a new trial if the interest of justice so requires." Unlike a motion for judgement of acquittal under Rule 29, the District Court should not view the evidence favorably to the government but should instead, "…exercise its own judgment in assessing the government's case." *United States v. Introcaso*, 506 F.3d 260, 264 (3d Cir. 2007).

> A motion for new trial may be made on any basis that demonstrates that the verdict was against the interests of justice. This may include prosecutorial misconduct, absence of defense witnesses at trial, evidentiary errors during trial, improper jury instructions, newly discovered evidence, juror misconduct, misjoinder, improper denial of continuance, ineffective assistance of counsel, or insufficient evidence.

L. LEVENSON, FEDERAL CRIMINAL RULES HANDBOOK, Author's Commentary to Rule 33(a) (2010). Insufficient evidence is grounds for both a judgment of acquittal and a new trial.

4

A motion for judgment of acquittal under Rule 29 and a motion for new trial under Rule 33, on any grounds other than newly discovered evidence, must be filed within fourteen (14) days of the date of the verdict. Although Defendant joined in Defendant Jeffrey's Motion for Judgment of Acquittal at the close of the Government's case under Rule 29(a), no prior motion is required for making the within motion after jury verdict under Rule 29(c). Accordingly, there are currently pending two separate motions for judgment of acquittal, the difference being, since the Court reserved decision on the motion under Rule 29(a), the Court '…must decide the motion on the basis of the evidence at the time the ruling was reserved." Fed.R.Crim.P. 29(b).

In the present case, the verdict is unsupported by the evidence adduced at trial. The Government first needed to prove the conspiracy was knowingly formed and existed at the time alleged. Here, the Government's own witnesses testified that the practice of pre-sale discussions among tax lien buyers had been going on for at least twenty years. That's the way an entire industry did things, and that's how Defendant was taught to do his job. That's a business practice, not a conspiracy. As evidence of lack of a conspiracy is the ease with which FBI Special Agent Jessica Weisman was able to "infiltrate" the "conspiracy". She simply showed up and did what everyone else was doing. The Government did not prove beyond a reasonable doubt that a conspiracy was formed, much less existed at the time set forth in the Indictment.

Second, the Government needed to prove Defendant knowingly became a member of the conspiracy. Having been taught how to do his job, he did just what Special Agent Weisman did, the same as the other potential buyers. Defendant went to work; it was a job, not a conspiracy. The Government did not prove beyond a reasonable doubt that Defendant knowingly joined any conspiracy.

Finally, the Government needed to prove beyond a reasonable doubt that the conspiracy substantially affected goods and services in interstate commerce.  The Government's failure to satisfy this element was the basis for Defendant Gehring's Motion to Dismiss for failure to allege an offense under the Sherman Act, and Defendant Jeffrey's Motion for Judgment of Acquittal, for insufficiency of evidence, which are both still pending as to Defendant.  Defendant adopts and incorporates by reference all defense submissions regarding each motion, in both his current Rule 29 and Rule 33 motions.  In addition, the very first question from the Jury was for a definition of "goods and services" under the Sherman Antitrust Act.  The Government did not introduce any evidence on this issue, and the Court removed the issue from the Jury's consideration, effectively granting the Government summary judgment on that issue.  There being no evidence on the issue, there is no possible way the Jury could have found the alleged conspiracy affected interstate commerce at all, had they been allowed to decide the issue.  Accordingly, the Government did not prove beyond a reasonable doubt that the acts complained of substantially affected interstate commerce.

Turning to Rule 33, there is no question that the verdict was against the interests of justice.  Taken individually, had any one of the above errors not occurred, the outcome of the trial probably would have been different.  Taken together, the conclusion is inescapable that Defendant did not receive a fair trial.  The Court should order a new trial in the interests of justice.

    _s/ Robert J. Olejar_____
    Robert J. Olejar, Esq., C.P.A., C.F.E.
Dated: October 16, 2015    Attorney for Defendant James Jeffers, Jr.