

# MM
Miedel & Mysliwiec LLP

November 23, 2015

Hon. Susan D. Wigenton
United States District Court Judge
United States District Court, District of New Jersey
Martin Luther King Building & U.S. Courthouse
50 Walnut Street
Newark, New Jersey 07101

                         RE: **United States v. James Jeffers, Jr.**
                              **13-Cr-748 (SDW)**

Dear Judge Wigenton:

       On October 3, 2015, James Jeffers was convicted by jury of conspiring to allocate and rig bids in violation of section 1 of the Sherman act, 15 U.S.C. § 1. On October 16, 2015, Robert Olejar, Mr. James's trial counsel, filed a motion pursuant to Rules 29 and 33 of the Rules of Criminal Procedure, seeking a judgment of acquittal pursuant to Rule 29, or, in the alternative, a new trial pursuant to Rule 33. On October 22, 2015, Mr. Jeffers retained me to continue his representation from Mr. Olejar. On November 6, the government filed a response to Mr. Olejar's motions. Sentencing is currently scheduled for January 19, 2016.

       As substitute counsel, I adopt Mr. Olejar's post-verdict motions in their entirety. Specifically, I rely, as he did, on co-defendant Jeffrey's motion for a judgment of acquittal, filed on September 30, 2015. Jeffrey argued in his motion, which was adopted by Mr. Olejar at the time, that the evidence was legally insufficient to establish that (1) a substantial volume of interstate commerce was involved with the challenged activity and (2) the challenged activity was an essential, integral part of the transaction and was inseparable from its interstate aspects, or, alternatively, that a substantial amount of interstate commerce was involved and (2) the challenged activity had a "not insubstantial effect" on interstate commerce. Co-Defendant Jeffrey's motion persuasively set forth the arguments for why the interstate commerce prong was not proven, and no reply memorandum is necessary.

       In addition, I rely, as Mr. Olejar did, on co-defendant Gehring's pretrial motion to dismiss the indictment, which was also adopted by Mr. Olejar at the time. Mr. Gehring's motion advanced the argument that the tax liens at issue in this prosecution did not constitute "goods and services" as defined in the Sherman Act. The Court denied that motion on September 15, 2015, but I join Mr. Olejar in moving the Court to

reconsider its decision pursuant to Rule 33. Mr. Gehring's motion set forth his arguments persuasively, and Mr. Jeffers relies on them here. No reply memorandum is necessary.

Thank you for your consideration.

Sincerely,

Florian Miedel
*Attorney for James Jeffers, Jr.*